IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LUESSENHOP, CHARLES<br>3107 White Daisy Place<br>Fairfax, VA 22031<br><br>PLAINTIFF,<br><br>VS.<br><br><br>WILLIS, WINFIELD<br>2816 Hillsdale Road<br>Baltimore, Maryland 21207,<br><br>JACKSON, JR., CLAUDE W.<br>313 V Street, N.E.<br>Washington, D.C. 20002,<br><br>PATTERSON, KEITH<br>5740 Industry Lane<br>Frederick, Maryland 21704.<br><br>DEFENDANTS | Case: 1:08-cv-00209<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 2/6/2008<br>Description: General Civil<br><br>JURY TRIAL DEMANDED |

JURY ACTION

COMPLAINT

Plaintiff, CHARLES R. LUESSENHOP, ("Luessenhop"), by his undersigned counsel, as and for his Complaint against Defendants, states as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action to recover damages from the Defendants arising out of certain real estate transactions that occurred in the District of Columbia.

2. Defendants have derived substantial benefits from the acts and omissions taken against Plaintiff in an amount totaling at least $220,000.00.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is based on D.C. Code Ann. Sec. 11-921. Personal jurisdiction of this Court is based on 28 U.S.C. 1332 (Diversity).

4. Venue in this Court is based on 28 U.S.C. 1391(a)(2).

## III. PARTIES

5. Plaintiff, Charles Luessenhop is a resident and domiciliary of the State of Virginia, engaged in the real estate business.

6. Defendant, Winfield Willis, ("Willis") is, on information and belief, a resident of the State of Maryland who is in engaged in the real estate business in the District of Columbia.

7. Defendant, Claude W. Jackson, ("Jackson") is on information and belief, a resident of the District of Columbia who is engaged in the real estate business in the District of Columbia.

8. Defendant, Keith Patterson, ("Patterson") is, on information and belief, a resident of the State of Maryland who is engaged in the real estate business in the District of Columbia.

IV. SUBSTANTIVE AFFIRMATIONS

11. Central to this case are two real estate properties: (a) a two unit residential building located at 815 K Street, N.E. in Washington, D.C. (the "K Street property"); and, (b) a single unit residential building located at 1509 G Street, S.E. in Washington, D.C. (the "G Street property").

12. With respect to the K Street property, Plaintiff purchased said property on August 31, 1995. The property was a "shell" at the time of purchase. Following his purchase, Plaintiff rehabilitated the property. On August 5, 1997, Plaintiff sold the rehabilitated property to Doris Davis for $165,000.00.

13. Ms. Davis financed the purchase of the K Street property with an Federal Housing Authority ("FHA") insured mortgage from Homeside Lending ("Homeside").

14. In 1999, Ms. Davis defaulted on her loan and Homeside foreclosed on the property, taking it back at foreclosure sale for $170,000.00. Because the property was insured by FHA, it was turned over to the Department of Housing and Urban Development ("HUD") for resale.

15. HUD had the K Street property appraised by Defendant Willis. Defendant Willis issued an appraisal for the property on November 12, 1999 which appraises the property at $63,000.00.

16. On April 19, 2000, HUD conveyed the property to Claude Jackson for $60,500.00, nearly two-thirds less than it's most recent arms-length sale. Three months later, on July 28, 2000, Mr. Jackson resold the property to Jerome Brown for $179,950.00.

17. With respect to the G Street property, Plaintiff purchased said property from EMC Mortgage. This property was also a "shell" and Plaintiff rehabilitated the property. On July 1, 1997, Plaintiff sold the rehabilitated property to Bonnie Ross and Ruth Ross as joint tenants for $159,000.00. The Rosses financed the purchase with an FHA insured mortgage from Homeside Lending.

18. In 1999, the Rosses defaulted on their loan and Homeside foreclosed on the property, taking it back at foreclosure sale for $177,000.00 in June of 1999. Because the loan was FHA insured, the property was turned over to HUD for resale.

19. HUD had the G Street property appraised by Defendant Willis. Defendant Willis issued an appraisal for the property on September 2, 1999 which appraises the property at $107,000.00.

20. Later in September of 1999, HUD conveyed the property to Theodore Powell for $109,000.00, nearly one-third less than it's most recent sale.

21. When a residential property whose mortgage has been insured by the FHA goes into default, HUD will pay off the balance owed to the mortgage holder and take ownership of the residential property. HUD refers to such properties as Real Estate Owned or "REO" properties.

22. Pursuant to statute and HUD regulations and guidelines, HUD markets REO properties for resale through its REO Division. To resell these properties, the REO Division enters into contracts with private real estate companies. These contracts are referred to as Marketing and Management Contracts or M & M Contracts and the private real estate companies are referred to as M & M Contractors.

23. Pursuant to the M & M Contracts, the M & M Contractor is required to hire a HUD approved appraiser to appraise the value of the REO property before it is listed for sale. HUD provides the M & M Contractor has the discretion to choose any appraiser on the HUD approved appraiser list.

24. Once an appraisal is obtained, the M & M Contractor advertises the REO property for sale and a bidding process ensues. The highest net bid meeting or exceeding the APPRAISED price usually wins the bidding and is awarded the sales contract. HUD gives a preference to bidders who indicate they are bidding to purchase the REO property as an "owner/occupier."

25. First Preston Management Company was the M & M Contractor which handled the REO resale of the K and G Street properties. HUD's M & M Contract with First Preston required that a HUD approved appraiser licensed in Washington, D.C. be used to appraise the REO properties.

26. First Preston awarded a sales contract on the K Street property to Claude Jackson. First Preston awarded a sales contract on the G Street property to Theodore Powell.

27. On April 19, 2000, HUD conveyed the K Street property to Claude Jackson for $60,500.00. In September 1999, HUD conveyed the G Street property to Theodore Powell for $109,000.00.

28. Defendants Willis and Patterson were retained to perform appraisals for the subject properties. Defendants Willis and Patterson DID NOT and/or were not qualified to perform the appraisals used by HUD to resell the two properties.

29. The HUD-1 Settlement Statement for the resale of the K Street property indicates that the profits from this sale were dispersed to various parties acting for and/or on behalf of the Defendants, including $10,443.71 to Michael Perry, a Virginia attorney and $120,000.00 to Michael Perry's settlement company, Mid-Atlantic Settlement Services.

30. The profits from the sale of the G Street property were, upon information and belief, variously dispersed and retained by the Defendants, their agents and/or assigns.

31. Following the two foreclosure sales, HUD calculated that it lost $223,816.77. HUD in turn ascribed this loss solely to the Plaintiff and ultimately collected this sum from the Plaintiff.

32. Upon information and belief, the funds and profits received by the Defendants were, as detailed below, the product of fraud, conversion and other acts which caused substantial economic damages to the Plaintiff.

## V. FIRST CLAIM FOR RELIEF
(Constructive and/or Actual Fraud)

33. Plaintiff re-alleges and incorporates herein by reference the affirmations of paragraphs 1 through 32 of this Complaint.

34.     Defendants engaged at all relevant times herein in constructive and/or actual fraud against the Plaintiff by their actions and inactions aforesaid, including their schemes to obtain an excessive and unsupported amount of sales proceeds from the sale of the subject property's.

35.     Specifically, the Defendants failed to disclose that they were a party to and/or profiting from the sale of the subject property's in order to induce and obtain funds from the sale of the subject property's to the detriment of the Plaintiff.

36.     Moreover, Defendants knew or should have known that the Plaintiff had paid the original foreclosure shortfall and had an expectation to recover the proceeds of the subsequent sale of the subject property's, yet Defendants intentionally and/or negligently concealed these material facts and further failed to notify and/or disclose their own identity and the profits they expected to receive and in fact received from the sale of the subject property's from the Plaintiff, to his detriment, which facts were first disclosed by Defendants to Plaintiff on February 27, 2006.

37.     Defendant's acts and omissions render them liable for constructive and/or actual fraud which directly and proximately caused Plaintiff to suffer actual damages in an amount of at least $120,000.00.

WHEREFORE, Plaintiff Luessenhop demands judgment against Defendants jointly and severally as follows:

      i. Compensatory damages in the sum of at least $120,000.00 together with legal interest, legal fees and costs;

      ii. Punitive damages in the sum of $1,000,000.00; and,

      iii. Such other and further relief as this Court may deem just and appropriate.

VI.    SECOND CLAIM FOR RELIEF
(Conversion/Trover)

38.     Plaintiff re-alleges and incorporates herein by reference the affirmations of paragraphs 1 through 37 and the Wherefore paragraphs of this Complaint.

39. As detailed herein, Defendants engaged in the wrongful exercise and/or assumption of authority over Plaintiffs right to recover sums he had paid to cover the shortfall of the foreclosure sales of the subject property's thereby depriving Plaintiff of and/or diverting from him his fair share of the profits in the subsequent sale of the subject property's for which Defendants are liable for conversion/trover and all resulting damages.

WHEREFORE, Plaintiff Luessenhop demands judgment against Defendants jointly and severally as follows:

   i. Compensatory damages in the sum of at least $120,000.00 together with legal interest, legal fees and costs;

   ii. Punitive damages in the sum of $1,000,000.00; and,

   iii. Such other and further relief as this Court may deem just and appropriate.

## VII. THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

40. Plaintiff re-alleges and incorporates by reference herein the affirmations of paragraphs 1 through 39 and the Wherefore paragraphs of this Complaint.

41. By paying the original shortfall on the subject property's, Plaintiff conferred a potential benefit upon the Defendants in the form of profits from the subsequent sale of the subject property's.

42. Defendants knew or should have known of this benefit when they orchestrated and participated in the subsequent sale of the subject property's

43. Defendants retention of the profits they received from the sale of the subject property's to the detriment of the Plaintiff render it inequitable and the Defendants liable for unjust enrichment.

WHEREFORE, Plaintiff Luessenhop demands judgment against Defendants jointly and severally as follows:

    i. The immediate return of all said profits in the sum of at least $120,000.00 together with legal interest, legal fees and costs;

    ii. A full disclosure and accounting of all said profits; and,

    iii. Such other and further relief as this Court may deem just and appropriate.

## VIII. FOURTH CLAIM FOR RELIEF
(Accounting and Equitable Lien/Constructive Trust)

44. Plaintiff re-alleges and incorporates herein by reference the affirmations of paragraphs 1 through 43 and the Wherefore paragraphs of this Complaint.

45. Only through a full and immediate accounting by the Defendants of their financial transactions and records relating to this action can a full and fair remedy be achieved by the Plaintiff.

46. Moreover, given the actions to date of the Defendants, a constructive and/or equitable lien should be placed upon the Defendants business and personal accounts to insure that Plaintiff is able to obtain complete relief in this action.

WHEREFORE, Plaintiff Luessenhop demands judgment against Defendants severally and jointly as follows:

    i. Immediately order Defendants to provide a full accounting of all proceeds they received from the sale of the subject property at their sole expense;

    ii. Impose a constructive trust and/or lien on all of the Defendants escrow and operating accounts; and,

    iii. Such other and further relief as this Court may deem just and appropriate.

Dated: February 4, 2008

                                      Charles Luessenhop,
                                      By Counsel

                                      James H. Falk, Jr. (D.C. Bar No. 417846)
                                      Urban & Falk, PLLC
                                      2867 S. Abingdon Street
                                      Arlington, Virginia 22206

                                      (703) 928-1600
                                      (703) 759-0859 (fax)
                                      sportlaw@hotmail.com

**JURY TRIAL DEMANDED**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

LUESSENHOPP, CHARLES

**DEFENDANTS**

WILLIS, W.; JACKSON, C.; PATTERSON, K.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  FAIRFAX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  MARYLAND
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JAMES H. FALK, JR.
URBAN & FALK, PLLC.
2867 S. ABINGDON STREET
ARLINGTON, VA   22206

Case: 1:08-cv-00209
Assigned To : Huvelle, Ellen S.
Assign. Date : 2/6/2008
Description: General Civil

JURY ACTION

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ⊙ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊙ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☒ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DIVERSITY ACTION (28 USC 1332) INVOLVING CIVIL CLAIMS FOR FRAUD, CONVERSION AND UNJUST ENRICHMENT RE: LAND SALES IN D.C.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 120,000.00 plus   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE FEBRUARY 4, 2008   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.