IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUESSENHOP, CHARLES )<br>)<br>    PLAINTIFF, )<br>)<br>)<br>VS. )<br>)<br>)<br>WILLIS, WINFIELD, )<br>)<br>JACKSON, JR., CLAUDE W., )<br>)<br>PATTERSON, KEITH )<br>)<br>)<br>    DEFENDANTS )<br>) | C.A. NO.: 08-209 (ESH) |

PLAINTIFFS OPPOSITION TO MOTION TO DISMISS
OF DEFENDANT WILLIS

COMES NOW the Plaintiff, by undersigned counsel, and submits this Memorandum in Opposition to the Motion to Dismiss filed by Defendant Willis and states as follows:

I.    PRELIMINARY STATEMENT

As specifically detailed in his complaint, Plaintiff has brought this action against various individuals, including Defendant Willis, as a result of their separate and/or joint acts to personally profit from their resale of two properties previously owned by the Plaintiff through a

1

foreclosure process which, in the end, deprived Plaintiff of the profits from the re-sales that to date totals $120,000.00, exclusive of interest, costs, fees and punitive damages.

Count 1 is an action for actual/constructive fraud; Count 2 is an action for conversion/trover; Count 3 is an action for unjust enrichment; and, Count 4 is an action for accounting/constructive trust. As specifically alleged in the complaint, Plaintiff first learned of the Defendants profit making actions and the amounts obtained by Defendants on February 27, 2006. Thereafter, this action was commenced on February 6, 2008.

## II.   STANDARD OF REVIEW

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure ("FRCP") tests whether the court has subject matter jurisdiction over the action. Bernard v. U.S. Dep. of Def., 362 F. Supp. 2d 272, 277 (D.D.C. 2005). Upon review, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Rann v. Chao, 154 F.Supp.2d 61, 64 (D.D.C. 2001). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court must accept the complaint's well-pled factual allegations as true and construe all reasonable inferences in the plaintiffs favor. Thompson v.The Capitol Police Bd., 120 F. Supp. 2d 78, 81 (D.D.C. 2000). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Browning v. Clinton, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974, L. Ed. 2d 929 (2007). A court will accept as true all factual allegations in the complaint and give the plaintiff the benefit of all inferences that can be drawn from the

facts alleged. *See id.* at 1965; <u>Atchinson v. Dist. of Columbia</u>, 315 U.S. App. D.C. 318, 73 F.3d 418 (D.C. Cir. 1996). As recently expressed by this Court in deciding a motion to dismiss under Rule 12 (b)(6), the court must assume the truth of all well-pleaded facts of the complaint and draw all reasonable inferences in favor of the non-movant. <u>Banks v. District of Columbia,</u> 377 F. Supp 2d 85, 88-89 (D.D.C. 2005). And in this context, a motion to dismiss cannot be used to resolve factual issues or the merits of the case. <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).

In his Motion to Dismiss, it appears that Defendant Willis is arguing: (a) that because he conducted his appraisals in 1999, that the Plaintiffs several causes of action, which challenge Defendant Willis's participation in acts and omissions to deprive the Plaintiff of sales profits, and not the quality of his appraisals, should be dismissed as time barred because his appraisals were not deficient; and, (b) that Plaintiffs complaint fails to state a claim upon which relief may be granted, without specifying which claim is defective nor the basis why each claim cannot be pursued against Defendant Willis.

Because Plaintiff has more than adequately alleged facts that, when proved at trial, will entitle him to a substantial recovery against Defendant Willis on all causes of action asserted in the complaint, the Court should summarily deny Defendant Willis' Motion to Dismiss in its entirety.

### III.    ARGUMENT

A.    <u>Statute of Limitations</u>

In his Motion to Dismiss, Defendant Willis relies solely upon D.C. Code Ann. Sec. 12-301 to support his argument relating to the statute of limitations. Sec. 12-301 specifies a three year limitations period. What Defendant Willis fails to note is that the limitations period under

District of Columbia law begins to run when a plaintiff discovers the basis for the claims asserted. C.E. Services, Inc. v. Ashland, Inc., 498 F.Supp.2d 242 (D.D.C. 2007). In this case, as set forth in the complaint, Plaintiff first learned of Defendants tortious acts/omissions and associated money damages during an unrelated evidentiary hearing held on February 27, 2006 in federal court on a habeas motion. See Luessenhop v. U.S., 2006 WL 848118 (E.D. Va. 2006). This is an unpublished decision that is not being cited for any precedential value but instead to establish: (a) that an evidentiary hearing occurred on February 27, 2006; and, (b) that the Plaintiff first learned during this hearing, and the trial judge found, two important facts. First, the trial judge stated in his opinion, based on the evidentiary hearing, that "[n]eedless to say, the resale of the K Street property was a transaction teeming with circumstantial evidence indicative of fraud." Id. And second, the trial judge identified in his opinion, based on the evidentiary hearing, that the sum of $120,000.00, the amount claimed in this case, was obtained from the resale of the K Street property and that it could not be accounted for by various individuals who testified at the evidentiary hearing on February 27, 2006, including, most importantly, the defendants in this case.

Under District of Columbia law, the statute of limitations for fraud is three years. See C.E. Services, 498 F. Supp.2d 242; Richards v. Duke Univ., 480 F. Supp.2d 222, 236 (D.D.C. 2007). This is also the limitations period for Counts 2, 3 and 4. See D.C. Code Sec. 12-301. Although what "constitutes accrual of a cause of action is a question of law … '[w]hen accrual actually occurred in a particular case is a question of fact.'" Diamond v. Davis, 680 A. 2d 364, 370 (D.C. 1996). Thus, unless the determination of when a cause of action accrued is "so clear that the court can rule on the issue as a matter of law, the jury should decide the issue…." Brin v. v. S.E.W. Investors, 902 A. 2d 784, 795 (D.C. 2006).

4

Thus, based on the allegations set forth in Plaintiffs complaint, from which all inferences are to be construed in favor of the Plaintiff, and as confirmed in the unpublished decision that followed an evidentiary hearing on February 27, 2006, Plaintiffs complaint was timely filed and and Defendant Willis' Motion to Dismiss should be summarily denied.

B.  Counts 1 through 4

In his Motion to Dismiss, Defendant Willis wholly fails to specify which count fails to state a claim upon which relief can be granted.  Rather, his only argument is instead a mere conclusory statement that "Defendant was not involved in any sale of the property or benefited from any sale of the property…."  See Motion to Dismiss, par. 27.  Defendant also references various proceedings that involved a habeas action by the Plaintiff for ineffective assistance of counsel stemming from a guilty plea.  The criminal action was never tried on the merits.  See Luessenhop v. U.S., 2006 WL 848118.  Based on the applicable standard of review set forth in Section II, Defendants conclusory factual assertions are insufficient as a matter of law to dismiss Plaintiffs complaint under FRCP 12 for failure to state a claim upon which relief may be granted.

C.  Waiver of affirmative defenses

Under FRCP 12, if a defendant serves any pretrial motion under FRCP 12, it generally must include in that motion all available defenses or objections permitted under FRCP 12 or else they will be deemed waived.  See FRCP 12 (g)(2), (h)(1).  In this case, Defendant Willis has not asserted in his Motion to Dismiss any of the following defenses: (a) lack of personal jurisdiction

5

under FRCP 12 (b)(2); (b) improper venue under FRCP 12 (b)(3); (c) insufficient process under FRCP 12 (b)(4); or, (d) a vague or ambiguous pleading under FRCP 12 (e), (g)(2). As such, this Court should deem these defenses waived by Defendant Willis.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny the Motion to Dismiss filed by Defendant Willis in its entirety.

## V.    TABLE OF CONTENTS

PRELIMINARY STATEMENT ………………… 1-2

STANDARD OF REVIEW …........................... 2-3

ARGUMENT …………………………………….. 3

    A. Statute of Limitations …………………….. 3-5

    B. Counts 1 through 4 ………………………… 5

    C. Waiver of Affirmative Defenses ………....... 5

CONCLUSION ………………………………... 6

VI.   TABLE OF AUTHORITIES

A. <u>Cases</u>

<u>Atchinson v. Dist. of Col.</u>, 73 F. 3d 418 (D.C. Cir. 1996) ………………………………….. 3

<u>Banks v. Dist. of Col.</u>, 377 F. Supp 2d 85, 88-89 (D.D.C. 2005) …………………………. 3

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007) ……………………………2

<u>Bernard v. U.S. Dep.of Def.</u>, 362 F. Supp 2d 272, 277 (D.D.C. 2005) ……………………. 2

<u>Brin v. S.E.W. Investors,</u> 902 A 2d 784, 795 (D.C. 1977) …………………………………4

<u>Browning v. Clinton</u>, 292 F. 3d 235, 242 (D.C.Cir. 2002) ................................................. 2

<u>C. E. Services, Inc. v. Ashland, Inc.</u>, 498 F. Supp 2d 242 (D.D.C. 2007) …………………. 4

<u>Diamond v. Davis</u>, 680 A. 2d 364, 370 (D.C.1996) ………………………………………. 4

<u>Luessenhop v. U.S.</u>, 2006 WL 848118 (E.D. Va. 2006) ……………………………….. 4, 5

<u>Rann v. Chao</u>, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) …………………………………….. 2

<u>Republican Party v. Martin</u>, 980 F. 2d 943, 952 (4th Cir. 1992) …………………………... 3

<u>Richards v. Duke Univ.</u>, 480 F. Supp 2d 222, 236 (D.D.C. 2007) ………………………... 4

<u>Thompson v.The Capitol Police Bd.,</u> 120 F. Supp. 2d 78, 81 (D.D.C. 2000) …………….. 2

B. <u>Rules and Statutes</u>

<u>Federal Rule of Civil Procedure 12</u> ………………………………………………….. 2, 5

<u>Federal Rule of Civil Procedure 12(b)(6)</u> ……………………………………………… 2, 5

<u>District of Columbia Code Ann. Sec. 12-301</u> ……………………………………………4, 5-6

Respectfully submitted,

/s/ James H. Falk, Jr.

James H. Falk, Jr.  (D.C. Bar No. 417846)
Urban & Falk, PLLC
2867 S. Abingdon Street
Arlington, VA   22206

(703) 928-1600
sportlaw@hotmail.com

Counsel for Plaintiff

DATED:   April 11, 2008