IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| LUESSENHOP, CHARLES | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| VS. | ) | C.A. NO.:   08-209  (ESH) |
| | ) | |
| | ) | |
| WILLIS, WINFIELD, | ) | |
| | ) | |
| JACKSON, JR., CLAUDE W., | ) | |
| | ) | |
| PATTERSON, KEITH | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |

_____)

PLAINTIFFS OPPOSITION TO MOTION TO VACATE
DEFAULT JUDGMENT OF DEFENDANT PATTERSON

COMES NOW the Plaintiff, by undersigned counsel, and submits this Memorandum in

Opposition to the Motion to Vacate Default Judgment filed by Defendant Keith Patterson and

in support thereof states as follows:

## I.    PRELIMINARY STATEMENT

As specifically detailed in his complaint, Plaintiff has brought this action against various individuals, including Defendant Patterson, as a result of their separate and/or joint acts to personally profit from their resale of two properties previously owned by the Plaintiff through a foreclosure process which, in the end, deprived Plaintiff of the profits from the re-sales that to date totals $120,000.00, exclusive of interest, costs, fees and punitive damages.

Count 1 is an action for actual/constructive fraud; Count 2 is an action for conversion/trover; Count 3 is an action for unjust enrichment; and, Count 4 is an action for accounting/constructive trust. As specifically alleged in the complaint, Plaintiff first learned of the Defendants profit making actions and the amounts obtained by Defendants on February 27, 2006. Thereafter, this action was commenced in this Court by the Plaintiff on February 6, 2008.

It is undisputed that Defendant Patterson was personally served with the summons and complaint on February 27, 2008 and that he was required to respond to this action on or before March 18, 2008 or face the prospect of a default judgment as clearly specified in the summons. It is further undisputed that Defendant Patterson: (a) did not file a timely response; (b) did not contact undersigned counsel to request an extension of time to file a response; (c) did not contact the court to request an extension of time; and, (d) did not file a request with the court seeking an extension of time.

On March 27, 2008, this Court, upon Plaintiffs motion, entered a default against Defendant Patterson. On April 4, 2008, Defendant Patterson filed the instant motion seeking relief from the default on the <u>sole unsupported ground</u> that he "attempted to but was unable to obtain licensed Counsel within the past month, to assist in filing an Answer."

## II.    STANDARD OF REVIEW

Defendant Patterson fails to specify under what rule or authority he is relying upon for his motion to vacate.  In general, a defendant will seek a courts relief from a properly entered default based upon FRCP 55(c) and/or FRCP 60(b).  Defendant Patterson's motion to vacate default under Rule 55(c) would be controlled by the good cause standard.  Under this Rule, the courts have applied three criteria. While the courts have been lenient in their approach, the courts do not rubber stamp requests but engage in a proper analysis.  The analysis is as follows:

> (1) whether the movant engaged in culpable conduct that led to the default;
>
> (2) whether the movant had a meritorious defense; or,
>
> (3) whether  reopening the default would prejudice the plaintiff.

See Franchise Holding II, LLC v. Huntington Restaurants Group. Inc., 375 F.3d. 923, 926 (9th Cir. 2004). These three tests are in the disjunctive and are the same criteria applied by this Court. See Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d. 372, 373 (D.C. Cir. 1980). Whether the movant has a meritorious defense requires the court to review the fact contentions contained in any affidavits submitted with the motion to vacate. The courts have made it clear that general denials are not sufficient to raise a meritorious defense and that such denials must be supported with underlying facts.  Sony Corporation v. Elm State Electronics, Inc., 800 F.2d. 317, 320-21 (2nd Cir. 1986); Wainwright's Vacations v. Pan American Airways Corp., 130 F. Supp.2d. 712, 718 (D.Md. 2001) ("...a meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party'';... Although conclusive proof is not required, neither is "a bare allegation of a meritorious defense (citation omitted) defendant did no more

than state that plaintiff breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense''). The decision in <u>Keegel</u> adds the requirement that the meritorious defense''...which if proven at trial, would constitute a complete defense''. <u>Id.</u> Moreover, the absence of prejudice does not entitle a defaulting party to relief from a default judgment. <u>SEC v. McNulty</u>, 137 F. 3d 732, 740 (2nd Cir. 1998).

In reviewing a Rule 60(b) motion to vacate default for excusable neglect, courts evaluate three factors as follows: "whether (1) the default was willful, (2) a set aside would prejudice plaintiff, and (3) the alleged defense is meritorious." <u>See</u> <u>Mobern Electric Corp. v. Walsh,</u> 197 F.R.D. 196, 199 (D.D.C. 2000). A finding of bad faith "is not a necessary predicate to the conclusion that a defendant acted 'willfully.'" <u>International Painters & Allied Trades Union and Ind. Pens.Fund v. H.W. Ellis Painting, Co.,</u> 288 F.Supp.2d 22, 26 (D.D.C. 2003)(citations omitted). Where "a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." <u>Zuelzke Tool & Eng'g Co. v. Anderson DieCastings, Inc.,</u> 925 F.2d 226, 229 (7th Cir. 1991)(citations omitted).

III.    ARGUMENT

A. <u>Rule 55(c)</u>

In this case, Defendant Patterson, was personally served with the summons and complaint on February 27, 2008 and sat on his rights and obligations to respond until April 4, 2008. He never sought an extension or timely filed even a perfunctory pleading so as to preserve his rights. His motion to vacate is not supported by any affidavit that verifies any of his conclusory statements including who he attempted to engage as counsel or why he was unable to obtain

counsel.  His failure to timely act was knowingly done to his own detriment, particularly when one considers that he had the ability to prepare and file a timely pleading as evidenced by the form motion and answer he ultimately filed with this Court.  This is culpable conduct that does not justify relief from the properly entered default.  Moreover, Defendant Patterson has wholly failed to present or offer to this Court, by affidavit or otherwise, any meritorious defense which if proven at trial would constitute at trial a complete defense as required by <u>Keegel</u>.  Accordingly, Plaintiff respectfully submits that Defendant Patterson's motion to vacate, if considered under Rule 55(c), should be summarily denied on the parties pleadings by this Court.

B.  <u>Rule 60(b)</u>

Rule 60(b) also does not provide Defendant Patterson with the relief he seeks.  This Rule allows for relief if the Defendant can show excusable neglect.  Here, the only excuse offered by Defendant Patterson is that he could not find counsel "to assist in filing an Answer."  <u>See</u> Motion to Vacate.  Defendant Patterson does not provide any proof of this failure or any proof of any infirmity that prevented him filing a timely response or seeking an extension of time to otherwise act.  Rather, he simply ignored his responsibilities to his own detriment.  As such, Defendants motion to vacate should be summarily denied on the parties pleadings by this Court.

C. <u>Counts 1 through 4</u>

In the form Answer filed with his Motion to Vacate, Defendant Patterson wholly fails to specify which count fails to state a claim upon which relief can be granted.  Rather, his only argument is instead a mere conclusory statement that Defendant was not involved in any sale of

the property or benefited from any sale of the property. <u>See</u> Answer, par.s 29, 34. Based on the applicable standard of review outlined above, Defendants conclusory factual assertions are insufficient as a matter of law to provide any meritorious defense in this case.


IV.     CONCLUSION

   Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny the Motion to Vacate Default Judgment filed by Defendant Patterson in its entirety.


V.     TABLE OF CONTENTS

PRELIMINARY STATEMENT ………………… 2

STANDARD OF REVIEW ……........................... 3-4

ARGUMENT …………………………………….. 4

    A. Rule 55(c)……………………………….. 4-5

    B. Rule 60(b) ……………………………… 5

    C. Counts 1 through 4 ………………………… 5-6


CONCLUSION …………………………………... 6

VI.    TABLE OF AUTHORITIES

A.  Cases

Franchise Holding v. Huntington Restaurants, 973 F. 3d 923, 926 (9th Cir. 2004)……….. 3

Intl. Painters v. H.W. Ellis, 288 F. Supp 2d 22, 26 (D.D.C. 2003) …..………………… 4

Keegel v. Key West, 627 F. 2d 372, 373 (D.C. Cir. 1980) …………………………………3, 5

Mobern Electric v. Walsh, 197 F.R.D. 196, 199 (D.D.C. 2002) …….…………………… 4

S.E.C. v. McNulty, 137 F. 3d 732, 740 (2nd Cir. 1998) …………………….…………4

Sony Corp. v. Elm State Electronics, 800 F. 2d 317, 320-21 …………………………... 3

Wainwright's Vacations v. Pan Am Airways, 130 F. Supp. 2d 712, 718 (D. Md. 2001) … 3

Zuelzke Tool v. Anderson DieCastings, 925 F. 2d 226, 229 (7th Cir. 1991) ……………. 4


B.  Rules and Statutes

Federal Rule of Civil Procedure 55(c) ……………………………………………….. 3,4, 5

Federal Rule of Civil Procedure 60(b) …………………………………………….. 3, 5

Respectfully submitted,


/s/ James H. Falk, Jr.

James H. Falk, Jr.  (D.C. Bar No. 417846)
Urban & Falk, PLLC
2867 S. Abingdon Street
Arlington, VA   22206

(703) 928-1600
sportlaw@hotmail.com

Counsel for Plaintiff



DATED:   April 14, 2008

CERTIFICATE OF SERVICE

   The undersigned sign hereby certifies that a true and correct copy of Plaintiffs Opposition to Defendant Patterson's Motion to Vacate was served upon Defendant Keith Patterson at 5740 Industry Lane, Frederick, MD  21704 by first class mail, postage prepaid and was electronically served upon Defendant Winfield Willis on April 14, 2008.


_____
James H. Falk, Jr.     Counsel for Plaintiff