UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLES LUESSENHOP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-209 (ESH) |
| WINFIELD WILLIS *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Having considered defendant Willis' motion to dismiss [#8] and the opposition thereto [#10], and the record in plaintiff Luessenhop's criminal case in the U.S. District Court for the Eastern District of Virginia, *see U.S. v. Luessenhop*, No. 1:02-cr-298-JCC-1, including Luessonhop's motion to vacate his sentence, filed on April 11, 2003, the Court concludes that the statute of limitations started to run at least as of the date of plaintiff's affidavit, or earlier, since Luessenhop had knowledge of all the facts that would support the claims he has brought herein.[1] Therefore, plaintiff's claims are barred by the District of Columbia's three-year statute of limitations. *See Hawkins v. Greenfield*, 797 F.Supp. 30, 33 (D.D.C. 1992) ("Under District of Columbia law, an action for fraud must be brought within three years . . . . The statute of limitations for an action for fraud begins to run when the fraud is or should have been discovered through plaintiff's due diligence."); *see also Knight v. Furlow*, 553 A.2d 1232, 1234 (D.C. 1989) ("some

---

[1]As is clear from plaintiff's affidavit in support of his motion to vacate, which was dated March 4, 2003, he was aware that "the appraisals were inaccurate, invalid, and quite possibly fraudulent." (Pl.'s Aff. ¶ 4.)

evidence of wrongdoing" is sufficient for starting the statute of limitations clock).

In the alternative, it is clear that plaintiff cannot make out a case against Willis based on a claim of a fraudulent appraisal since that very issue was necessarily decided by Judge Cacheris following an evidentiary hearing and therefore plaintiff is precluded by the doctrine of collateral estoppel from relitigating this issue.  *See San Remo Hotel L.P. v. City and County of San Francisco*, 545 U.S. 323, 336 n.16 (2005) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."); *see also Evans v. Chase Manhattan Mortgage Corp.*, No. 04-CV-2185(RMC), 2006 WL 785399, at *8 (D.D.C. Mar. 27, 2006) (recognizing defensive nonmutual collateral estoppel in a diversity case applying District of Columbia law).  Specifically, Judge Cacheris found that defendant Willis did not commit any fraud in preparing the appraisals of the properties on K and G Streets.  *See Luessenhop*, Mem. Op., Mar. 28, 2006, at 17 (finding a "lack of evidence of fraudulent conduct" with respect to the "resale prices of the K Street and G Street properties"), *aff'd*, *U.S. v. Luessenhop*, No. 06-6760, 2007 WL 4462461, at *14-15 (4th Cir. Dec. 19, 2007) ("such evidence does not establish that . . . Willis acted fraudulently in appraising the property . . . . Luessenhop has failed to establish that . . . Willis . . . [was] in any way complicit with Jackson and his confederates").

Accordingly, defendant Willis' motion is **GRANTED** and plaintiff's complaint as to defendant Willis is dismissed with prejudice.

                                          /s/
                                ELLEN SEGAL HUVELLE
                                United States District Judge

Date: May 1, 2008