IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUESSENHOP ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | C.A. NO.:  08-209  (ESH) |
| ) | |
| WILLIS, et. al. ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S MOTION TO RECONSIDER, AMEND AND/OR
ALTER THE DISMISSAL WITH PREJUDICE ORDER ENTERED
SUA SPONTE BY THIS COURT IN FAVOR OF DEFENDANT JACKSON**

COMES NOW the Plaintiff, by undersigned counsel, and hereby moves this Court to Reconsider, Amend and/or Alter the Dismissal **With Prejudice** Order entered Sua Sponte by this Court in favor of Defendant Claude W. Jackson, Jr. and in support thereof states as follows:

1. On April 16, 2008, a Default Judgment was entered by this Court against Defendant Jackson.

2. At no time since this action has been filed, through the filing of this Motion, has Defendant Jackson appeared in this case nor filed any pleadings answering Plaintiff's claims or asserting any affirmative defenses.

3. As a consequence, Plaintiff filed with this Court on June 4, 2008, a Motion to Enter a Sum Certain against Defendant Jackson based on the previously entered default and Defendant Jackson's total and unexcused failure to participate in this case.

4.     On June 9, 2008, a properly noticed Status Conference was held by this Court.  Present were undersigned counsel and Defendant Keith Patterson.  At this Status Conference, the Court ruled Sua Sponte that the Court was dismissing **with prejudice** Plaintiff's actions against Defendants Jackson and Patterson and restated the previous dismissal as to Defendant Willis.  Prior to this ruling, undersigned counsel advised the Court that it was not contesting the dismissal of Defendant Willis and planned to voluntarily dismiss the claims against Defendant Patterson.

5.     The Court advised undersigned counsel that the action against Defendant Jackson was being dismissed Sua Sponte **with prejudice** on the basis of an expired three (3) year statute of limitations for fraud actions under District of Columbia law.  There is no record that Defendant Jackson either pled or offered proof to support this affirmative defense.  To the contrary, Defendant Jackson unequivocally waived this affirmative defense through his own failure to act.

6.      The issue in this case regarding the timeliness of affirmative defenses requires the application of Fed. R. Civ. P. Rule 8(c).  "Rule 8(c) means what it says:  affirmative defenses must be raised in a responsive pleading, not a dispositive motion."  Harris v. Sec'y, Dept. of Veterans Affairs, 126 F.3d 339 (C.A. 1997).   As the Harris court explained, the language of Rule 8(c) itself requires that the defense of statute of limitations be raised affirmatively in "a pleading to a preceding pleading."  Although the Rules do not explicitly mention waiver or forfeiture as the consequence of failure to follow Rule 8(c), it is well settled that "[a] party's failure to plead an affirmative defense ... generally 'results in the waiver of that defense and its exclusion from the case.' " Dole v. Williams Enterprises, Inc., 876 F.2d 186, 189 (D.C.Cir.1989) (emphasis in original, quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (1990)). More specifically, "[r]eliance on a statute of limitations is an affirmative defense and is waived if a party does not raise it in a timely fashion." Banks v. Chesapeake and Potomac Telephone Co., 802 F.2d 1416, 1427 (D.C.Cir.1986) (citations omitted).   The Supreme Court has explained that the purpose of the pleading requirement of Rule 8(c) "is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." Blonder-Tongue Lab. v. University of Illinois Found., 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). The pleading requirement of Rule 8(c) gives the opposing party notice of the defense of untimeliness and permits the party to develop in discovery and to argue before the District Court various responses to the affirmative defense.  These responses could include, for example, facts and legal arguments that require the tolling of the statute, whether by action of law, by agreement of the parties, or by equitable means. Harris, 126 F.3d 339.

7.  In explaining its ruling, the Court advised undersigned counsel that it had unilaterally obtained a copy of Plaintiff's criminal case file from the United States District Court for the Eastern District of Virginia (Alexandria Division) and upon review noted an affidavit by Plaintiff dated March 4, 2003 which was filed as part of a Habeas motion to Vacate the Plaintiff's plea for, among other things, ineffective assistance of counsel and Brady Act violations. The Court noted that based on this affidavit, that the Plaintiff was aware as of March 4, 2003 that "the appraisals were inaccurate, invalid, and quite possibly fraudulent". See Court's Memorandum Opinion dated May 1, 2008. Based on this affidavit, the Court concluded that the three (3) year statute of limitation had expired as to all Defendants.

8.  At no time prior to the Status Conference or during the Status Conference did the Court request briefing on this issue prior to issuing the Sua Sponte dismissal **with prejudice**. Rather, the Court allowed Plaintiff the opportunity to file within ten (10) days a Motion to Reconsider. The Court's Order was entered the same day on June 9, 2008, without any written opinion.

9.  Based on the following points and arguments, this Court should withdraw its Sua Sponte dismissal **with prejudice** against Defendant Jackson and, in turn, enter an Order in favor of Plaintiff on his Motion for Entry of a Sum Certain against Defendant Jackson.

10. The statute of limitations is an affirmative defense under Fed.R.Civ.P. 8(c) that must be asserted in a party's responsive pleading "at the earliest possible moment" and is a personal defense that is waived if not promptly pleaded. Santos v. District Council, 619 F.2d 963, 967 n. 5 (2d Cir.1980) (citations omitted); Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir.1968); cf. Evans v. Syracuse City School District, 704 F.2d 44, 47 (2d Cir.1983) (failure to raise defense of res judicata promptly results in waiver). If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it *sua sponte*. See Wagner v. Fawcett, 307 F.2d 409, 412 (7th Cir.1962) (dicta), *cert. denied*, 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1963); cf. Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir.1966) (lack of proper venue is personal defense which should not be raised by district judge absent extraordinary circumstances). In Davis v. Bryan, 810 F.2d 42 (2d Cir.1997), the district court's ruling that Davis's claim would be barred by the statute of limitations was raised by the court *sua sponte* and the appellate court concluded that the granting of an order of summary judgment herein in favor of appellees based on the court's *sua sponte* determination was an error of law.

11. Courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. See, e.g., Richards v. Mileski, 662 F.2d 65, 73 (D.C.Cir.1981);

3

Jones v. Rogers Memorial Hosp., 442 F.2d 773, 775 (D.C.Cir.1971). In Richards, the Court made clear that, because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred. See Richards, 662 F.2d at 73. A dismissal with prejudice is warranted only when a trial court "determines that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.' " Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091 (D.C.Cir.1985) (quoting Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir.1962)). Failure to plead fraud with particularity likewise does not support a dismissal with prejudice. To the contrary, leave to amend is "almost always' " allowed to cure deficiencies in pleading fraud. Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir.1986) (quoting 2A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 9.03 at 9-34 (2d ed. 1986)).

12.  This conclusion does not foreclose the district court from determining on a motion for summary judgment, after affording the parties limited discovery, that the complaint is in fact time-barred. Summary judgment would be appropriate as long as no contested issues of fact exist. See Byers v. Burleson, 713 F.2d 856, 861 (D.C.Cir.1983) ("Summary judgment is not appropriate in a case applying the discovery rule if there is a genuine issue of material fact as to when, through the exercise of due diligence, the plaintiff knew or should have known of her injury."); see also Riddell v Riddell Washington Corp., 866 F.2d 1480, 1484 (D.C.Cir. 1989). We conclude only that the district court erred in making this determination on a motion to dismiss. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1115 (D.C.Cir.1985) ("[A] motion to dismiss may be granted on the basis that the action is time-barred only when it appears from the face of the complaint that the relevant statute of limitations bars the action.").

13.  Defendant Jackson has not raised any contested issues of fact as asserted in Plaintiff's complaint. Defendant Jackson has not pled or asserted the affirmative defense of statute of limitations and as such has waived such defense. See Par. 6 above.

14.  With respect to the March 4, 2003 affidavit from an unrelated action, unilaterally obtained by the Court, the Court has misapplied this affidavit to reach its end result. Plaintiff's complaint against Defendant Jackson recites the following facts as to his acts and omissions: (a) the K Street property transaction involved Defendant Jackson (Complaint, Par. 26-29); (b) Defendant Jackson was not involved in the appraisal portion of the transaction but was a purchaser and then immediate seller of the K Street property (Id. at Par.'s 7 and 26-29); Defendant Jackson's claimed fraud did not relate to the appraisal but to his scheme to take the quick and substantial profits realized from the sale of the K Street property and conceal them from the Plaintiff who had paid the equivalent sums to HUD as damages allegedly incurred by HUD (Id. at Par.'s 34-36); (c) Plaintiff did not learn of Defendant Jacksons role until he testified at a hearing that was held on February 27, 2006 by the United States District Court for the District of Virginia (Alexandria Division) regarding Plaintiff's Habeas petition that was originally filed nearly three

4

(3) years earlier on April 14, 2003, and which contained as an exhibit Plaintiff's March 4, 2003, affidavit; and, (d) Plaintiff's complaint also contains separate claims for Conversion and Unjust Enrichment. (Id.).

15.     Plaintiff's March 4, 2003 affidavit addresses the appraisals done by Defendants Willis and Patterson as possibly fraudulent and not the fraudulent sales transaction and the profits derived therefrom by Defendant Jackson.  In fact, Judge Cacheris, who conducted the February 26, 2006, Habeas hearing and heard for the first time, as did the Plaintiff, the testimony of Defendant Jackson, wrote in his opinion that followed the hearing that the "**resale** of  the K Street property was a transaction teaming with circumstantial evidence indicative of fraud."  Luessenhop v. U.S., 2006 WL 848118 (not reported in F. Supp. 2d).

16.     Moreover, under Plaintiff's Plea Agreement filed May 10, 2002, Plaintiff was required to waive all rights to engage in any discovery pertaining to the investigation of the subject real estate transactions, which included the K Street property. See Plea Agreement, Par. 18.  Three years later on October 14, 2005, Plaintiff's new criminal attorney filed a Motion to Invoke Discovery, which Motion was granted on October 14, 2005, thus providing the Plaintiff, for the first time since his May 10, 2002, Plea Agreement, the ability to investigate potential fraud surrounding the K Street transaction and the profits derived therefrom.

17.     And, as outlined in Plaintiff's Motion to Vacate his Plea, which is contained in the court file retrieved by this Court, the Plaintiff presented two arguments in support of his motion: (a) ineffective assistance of counsel; and, (b) Brady Act violations by the prosecution.  The ineffective assistance claim was based on the fact that Plaintiff's then criminal attorney, who Plaintiff placed his trust and authority in to fully investigate the case, in fact, never requested from the government "any documents detailing how the properties were resold."  See Motion to Vacate, p. 5.  In fact, the then criminal attorney stated to the court at the plea hearing that he was not claiming any fraud in the sale of the properties because we "don't know how it happened." Id.  The Brady Act claim revolved around the fact that the government failed to produce the defective appraisals to the Plaintiff prior to his plea. Id. at 12.  Although the appraisals did not disclose the fraud relating to the resale of the subject properties, it could have been a starting point to begin a further inquiry.

18.     Thus, at the end of the day, the record reveals that Plaintiff was unable to timely investigate the potential fraud relating to the resale of the K Street property due to: (a) the prohibition in his plea agreement; (b) the ineffective investigation by his then criminal attorney; and, (c) the government's failure to produce potentially exculpatory evidence.

19.     With the foregoing as background, we turn to the running of the statute of limitations and Plaintiff's fraud claim. On this issue, there are two legal concepts that were not considered by this Court, the discovery rule and the tolling rule.

20.     "When one person defrauds another, there will be a delay between the time the fraud is perpetrated and the time the victim awakens to the fact." Kropinski v. World Plan Executive Council-US, 272 U.S.App. D.C. 17, 19, 853 F.2d 948, 955 (1988). Because of this inherent delay, "a cause of action [for fraud] accrues for purposes of the statute of limitations when the plaintiff has either actual notice of the cause of action or is deemed to be on inquiry notice because if the plaintiff had met the duty to act reasonably under the circumstances in investigating matters affecting Plaintiff's affairs, such investigation, if conducted, would have led to actual notice." Diamond v. Davis, 680 A.2d 364, 372 (D.C.1996). See also Kropinski, supra, U.S. 272 App. D.C. at 19, 853 F.2d at 955 ("[I]n a fraud case, the statute of limitations will not begin running until the date the fraud is discovered, or reasonably should have been."); Mullin v. Washington Free Weekly, Inc., 785 A.2d 296, 299 (D.C.2001) (citing Colbert v. Georgetown Univ., 641 A.2d 469, 472-73 (D.C.1994)) ("the statute of limitations will not run until Plaintiff's know or reasonably should have known that they suffered injury due to the defendants' wrongdoing"). "The discovery rule does not, however, give the plaintiff *carte blanche* to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm." Colbert, supra, 641 A.2d at 473. What constitutes acting reasonably under the circumstances to investigate the problem is a "highly factual analysis," Diamond, supra, 680 A.2d at 372, but usually requires that the injured party be ignorant of the fraud through no "fault or want of diligence or care on his part." Id. at 373 (internal citations omitted). Thus, "the focus of the rule is on when [the plaintiff] gained *general* knowledge [that he had been injured], not on when he learned of the *precise* legal remedies [for the injury]. East v. Graphic Arts Indus. Joint Pension Trust, 718 A.2d 153, 157 (D.C.1998) (emphasis in original). See also Ray v. Queen, 747 A.2d 1137, 1142 (D.C.2000) (distinguishing between discovery rule and tolling doctrine).

21.     In this case, Plaintiff did not have the ability to discover the potential fraud relating to the K Street sales transaction and the profits derived therefrom until at the earliest of October 14, 2005 and/or the Habeas hearing on February 26, 2008  Either of these dates are within the three (3) year statutes of limitation.

22.     Under the discovery rule, a plaintiff's right of action does not accrue until the plaintiff has knowledge of, or by the exercise of reasonable diligence should have knowledge of (1) the existence of the injury; (2) its cause in fact; and (3) some evidence of wrongdoing. See Diamond v. Davis, 680 A.2d 364, 371 (D.C.1996) (per curiam) (citing, inter alia, Knight v.. Furlow, 553 A.2d 1232, 1234 (D.C.1989), and Bussineau v. President and Dir.'s of Georgetown College, 518 A.2d 423, 425 (D.C.1986) (medical malpractice)). The critical question in assessing the existence of inquiry notice is whether the plaintiff exercised reasonable diligence under the circumstances in acting or failing to act on whatever information was available to him. Id. at 376-81. The court in Diamond recognized that "[i]n evaluating the reasonableness of the plaintiff's diligence, cases from this jurisdiction have long taken into account the confidential or fiducial relationship between the plaintiff and the defendant." 680 A.2d at 376 (citations omitted); see also id. at 377 ("That a defendant's actions [may have] obscured the relevant facts from a plaintiff is ... appropriately taken into account as part of the circumstances to be considered in examining the reasonableness of the plaintiff's diligence.")

23.     Closely related to the discovery rule is the doctrine of tolling, which is frequently applied where the plaintiff was unable to protect his interests within the statutory limitations period. See, e.g., Weisberg v. Williams, Connolly & Califano, 390 A.2d 992, 995 (D.C.1978). This doctrine reflects a broader legal principle; as Justice Black, writing for the Court, explained in Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 232-33, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959),

> no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.

Accord, Diamond, supra, 680 A.2d at 376 ("[i]n evaluating the plaintiff's diligence, we have also taken into account deceptive actions on the part of the defendant, regardless of disclosures actually made"); Farris v. Compton, 652 A.2d 49, 55 (D.C.1994) ("[r]efusal to protect a plaintiff from the running of the statute of limitations may be especially unfair where, as alleged in this case, her lack of knowledge of her injuries was proximately caused by the defendant's own wrongful conduct").

24.     In sum, Defendant Jackson never asserted the affirmative defense of the statute of limitations and it has been waived; this Court did not have the authority to cure Defendant Jackson's failure to act; even if such authority existed, Plaintiff did not have the right or ability to investigate the possibility of fraud relating to the resale of the K Street property until such rights were restored as part of his Habeas motion on October 14, 2005; and, a full and fair reading of Plaintiff's original Motion to Vacate, which included the March 4, 2003 affidavit, reveals only a

suspicion of fraud relating solely to the appraisals, for which Defendants Willis and Patterson, the appraisers, have been dismissed on statute of limitations grounds and which is not contested by the Plaintiff.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court alter or amend its previous Sua Sponte Order dismissing Plaintiff's claims against Defendant Jackson **With Prejudice** and enter a Default Judgment against Defendant Claude W. Jackson, Jr. for the sum certain of $120,000.00 together with costs and attorneys fees totaling $10,000.00.

          Respectfully submitted,

          <u>/s/ James H. Falk, Jr.</u>

          James H. Falk, Jr.  (D.C. Bar No. 417846)
          Urban & Falk, PLLC
          2867 S. Abingdon Street
          Arlington, VA   22206

          (703) 928-1600
          sportlaw@hotmail.com

          Counsel for Plaintiff

DATED:   June 19, 2008

CERTIFICATE OF SERVICE

    I, James H. Falk, Jr. hereby certify under penalty of perjury that a true and correct copy of the foregoing Plaintiff's Motion to Reconsider was served upon Defendant Claude W. Jackson, Jr. by first class United States mail, postage prepaid, this 19th day of June, 2008.


                                         /s/    James H. Falk, Jr.