IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| LUESSENHOP | ) | |
| PLAINTIFF, | ) ) ) | |
| VS. | ) ) ) | C.A. NO.:  08-209  (ESH) |
| | ) | Defendant Claude W. Jackson, Jr. |
| WILLIS, et. al. | ) ) | |
| DEFENDANTS. | ) ) | |

**PLAINTIFFS REPLY TO THIS COURTS SHOW CAUSE ORDER**

   COMES NOW the Plaintiff, by undersigned counsel, and hereby submits this Reply to the Courts Show Cause Order dated July 1, 2008 with respect to Defendant Claude W. Jackson, Jr. and in support thereof states as follows:

**I. BACKGROUND STATEMENT**

1.   On February 6, 2008, Plaintiff filed his Complaint in this case seeking damages against Defendant Claude W. Jackson, Jr. in the sum of $120,000.00.  See Court Docket, entry No. 1.

2.   On March 22, 2008, Defendant Claude W. Jackson, Jr. was served by private process server with the Summons and Complaint in this case.  Id. at entry No. 12.

3.   Defendant Jackson was required to have responded to this action on or before April 14, 2008 or otherwise face the entry of default.  Id.

4.  As of the date of this filing, Defendant Jackson HAS NOT responded to this action, entered any appearance in this action and/or filed any pleading in this action.

5.  Plaintiff has filed with this Court the required proof of service, attorney affidavit and military affidavit.  Id. at entry's No. 13-14.

6.  On April 16, 2008, the Clerk of this Court entered a Default against Defendant Jackson. Id. at entry No. 15.

7.  Plaintiff has previously filed a Declaration by Plaintiffs Counsel and an Affidavit by the Plaintiff detailing the claims asserted against Defendant Jackson and the damage claims against Defendant Jackson.  Id. at entry No. 19.

8.  On June 9, 2008, this Court held a status conference during which it dismissed sua sponte Plaintiffs claims against Defendant Jackson with prejudice.  The Court further provided Plaintiff with leave to file a motion to re-consider which Plaintiff did on June 19, 2008.  Id. at entry No. 20.

9.  Thereupon, this Court issued a Show Cause order on July 1, 2008 directing that:  "On or about July 15, 2008, Plaintiff shall show cause how Defendant Jackson's actions resulted in damages to him of $ 120,000.00, and explain what proof he intends to put forth to prove his claim that Jackson caused him to pay $ 120,000.00 in additional restitution."

## II. PRELIMINARY MATTERS

10. As a preliminary matter, it is not clear from the Courts Show Cause Order whether it has rescinded it's dismissal order such that it has re-acquired jurisdiction over this case.

11. Moreover, it is not clear from this Courts Show Cause Order whether it has reinstated the Default Judgment entered against Defendant Jackson.

12. It is also not clear from the Courts Show Cause Order upon what basis it is directing the show cause response from the Plaintiff and the standards for such a review.

13. And, it is not clear what the Court means by the reference in it's Order to "additional restitution" since Plaintiff only paid restitution on one occasion.

14. Notwithstanding the foregoing, Plaintiff will attempt herein to respond to the Courts Order as directed.

### III.  ARGUMENT

15. On the first issue, as to how Defendant Jackson's resulted in damages to Plaintiff of $ 120,000.00, Plaintiff responds as follows.

16. It is undisputed that Plaintiff purchased the residential property located at 815 K Street, NE Washington, D.C. 20002 on August 31, 1995.  See entry at No. 1, Plaintiffs Complaint, par.'s 11-12.  It is further undisputed that Plaintiff sold the rehabilitated property to Doris Davis on August 5, 1997 for the sum of $ 165,000.00.  Id. at par. 12.

17. It is undisputed that Ms. Davis defaulted on her loan for the property and it was taken into foreclosure by HUD on September 3, 1999 for the amount of $ 170,000.00.  Id.

18. It is undisputed that on April 19, 2000, Defendant Jackson acquired the K Street property from HUD for the amount of  $ 60,500.00 and resold the same property to Jerome Brown three (3) months later for the amount of $179,950.00, a profit of $ 119,450.00.  Id. at par.16.

19. According to the HUD-1 settlement statement for the sale of the K Street property by Defendant Jackson to Mr. Brown, Defendant Jackson is reported to have received from the sale the total amount of $ 488.00, while the profit amount of $ 120,000.00 was paid to Mid-Atlantic Settlement Services with no indication that Mid-Atlantic performed any services for this fee on behalf of Defendant Jackson.  See Exhibit A attached hereto and Plaintiff's Complaint.  In fact, Mid-Atlantic was paid a specific settlement services fee of $ 4,618.35.  See Exhibit A.

20. The HUD-1 clearly establishes that: (a) the K Street property was sold for a profit of $ 119,450.00 by Defendant Jackson; (b) that Defendant Jackson sheltered that profit by paying it through a settlement company so that he would not have to report this windfall as income, not pay the resulting taxes and, most importantly, so that he could conceal this amount from the Plaintiff who paid HUD restitution damages for the loss suffered by HUD from the default by Ms. Davis which totaled $ 109,450.00; (c) Plaintiff in fact paid restitution damages to HUD; and, (d) Plaintiff first learned of this sham transaction at his habeas hearing on February 27, 2006. See Exhibits A and B attached hereto and Plaintiff's Complaint.

21. There is a clear reason why Defendant Jackson, who works full time for the federal government, has deliberately not appeared in this case. He pocketed and sheltered the proceeds from the sale of a property he owned for approximately three (3) months that equated to the restitution sums paid by the Plaintiff. The Plaintiff was the original owner of the K Street property, the purchaser, Ms. Davis, defaulted on the property shortly after she purchased it through no fault of the Plaintiff. The Plaintiff made the government whole with his restitution payment while Jackson took the restitution proceeds for his own benefit to the detriment of the Plaintiff. If after a default order for a sum certain is entered in this case, Defendant Jackson can pursue whatever remedies he may be able to legally assert.

22. As to the second issue regarding "additional restitution," Plaintiffs only response is that he made one restitution payment to HUD in the amount of $ 223,916.77 for the combined K Street property and G Street property losses. See Exhibit B.

## IV.  CONCLUSION

Based on the undisputed facts outlined above, together with the pleadings and exhibits filed in this case, Plaintiff respectfully requests that this Honorable Court enter a Sum Certain on the Default Judgment against Defendant Claude W. Jackson, Jr. for the sum of $120,000.00 together with costs and attorneys fees totaling $10,000.00.

Respectfully submitted,

/s/ James H. Falk, Jr.

James H. Falk, Jr.  (D.C. Bar No. 417846)
Urban & Falk, PLLC
2867 S. Abingdon Street
Arlington, VA   22206

(703) 928-1600
sportlaw@hotmail.com

Counsel for Plaintiff

DATED:   July 15, 2008

CERTIFICATE OF SERVICE

    I, James H. Falk, Jr. hereby certify under penalty of perjury that a true and correct copy of the foregoing Plaintiff's Show Cause Response was served upon Defendant Claude W. Jackson, Jr. by first class United States mail, postage prepaid, this 15th day of July, 2008.

                                                       /s/    James H. Falk, Jr.

EXHIBIT A

## U.S. Department of Housing and Urban Development Settlement Statement

OMB No. 2502-0265

**B. Type of Loan:** Conv. Unins.
**6. File Number:** 00PG190
**7. Loan Number:** 0019177849

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. Name and Address of Borrower:** Jerome Br[...], 815 K Street, [...], Washington, DC 20002

**E. Name and Address of Seller:** Claude W. Jackson, 815 K Street, N.E., Washington, DC 20002

**F. Name and Address of Lender:** Crossland Mortgage Corp., 7926 Jones Branch Drive, Suite 700, McLean, VA 22102

**G. Property Location:** 815 K Street, N.E., Washington, DC 20002

**H. Settlement Agent:** Mid-Atlantic Settlement Services, Inc.
**Place of Settlement:** 9344 Lanham-Severn Road, Suite 6, Lanham, Maryland 20706

**I. Settlement Date:** 07/28/00

| | J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|---|
| 100. | Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. | Contract sales price | 179,950.00 | 401. Contract sales price | 179,950.00 |
| 102. | Personal property | | 402. Personal property | |
| 103. | Settlement charges to borrower (line 1400) | 13,808.55 | 403. | |
| 104. | Credit | 4,291.00 | 404. | |
| 105. | Credit | 4,858.00 | 405. Credit | 4,858.00 |
| | Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. | City/town taxes 07/28 to 09/30 | 162.11 | 406. City/town taxes 07/28 to 09/30 | 162.11 |
| 107. | County taxes to | | 407. County taxes to | |
| 108. | Assessments to | | 408. Assessments to | |
| 120. | GROSS AMOUNT DUE FROM BORROWER | 203,090.66 | 420. GROSS AMOUNT DUE TO SELLER | 184,980.11 |
| 200. | Amounts Paid By or In Behalf of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. | Deposit or earnest money | 6,000.00 | 501. Excess Deposit (see instructions) | |
| 202. | Principal amount of new loan(s) | 178,477.00 | 502. Settlement charges to seller (line 1400) | 4,618.35 |
| 203. | Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | | 504. Payoff of first mortgage loan | |
| | | | 505. Payoff of second mortgage loan | |
| | | | 506. Home Warranty | 590.00 |
| | | | 507. Diversified Financial Svcs. | 16,000.00 |
| | | | 508. John Austin | 26,058.34 |
| | | | 509. Mid Atlantic Settlement Svcs. | 120,000.00 |
| | Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. | City/town taxes to | | 510. City/town taxes to | |
| 211. | County taxes to | | 511. County taxes to | |
| 212. | Assessments to | | 512. Assessments to | |
| | | | 513. Your Contractor Inc. | 5,781.71 |
| | | | 514. Attorney Sharon Walker | 1,000.00 |
| | | | 515. Attorney Michael Perry | 10,443.71 |
| 220. | TOTAL PAID BY/FOR BORROWER | 184,477.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 184,492.11 |
| 300. | Cash At Settlement From or To Borrower | | 600. Cash At Settlement To or From Seller | |
| 301. | Gross amount due from borrower (line 120) | 203,090.66 | 601. Gross amount due to seller (line 420) | 184,980.11 |
| 302. | Less amounts paid by/for borrower (line 220) | 184,477.00 | 602. Less reduction in amount due seller (line 520) | 184,492.11 |
| 303. | CASH FROM BORROWER | 18,603.66 | 603. CASH TO SELLER | 488.00 |

In the event a reproration of the taxes is necessary when the tax bills for [...] are prepared, the parties agree to handle said reproration between themselves.

Buyer/Borrower: [signature]
Seller: Claude W. Jackson [signature]

EXHIBIT B

```
RUN 01/18/07                    FEDERAL COURT SYSTEMS                              PAGE: 1
                             Eastern District of Virginia
                                CASE INQUIRY REPORT

CASE NO: 1:02-CR-000298        TITLE: USA VS LUESSENHOP

DEFENDANT #              ORDERED AMOUNT    AMOUNT PAID    BALANCE DUE    ACCOUNT   PAYMENT TYPE
CHARLES LUESSENHOP              100.00         100.00          0.00      504100    SPECIAL ASSESSMENT
CHARLES LUESSENHOP          223,816.77      223,816.77         0.00      6855XX    RESTITUTION
                            -----------    -----------   -----------
                            223,916.77      223,916.77         0.00

         PAYEE                       OWED                        PAID
         HUD - OGC                223,816.77                 223,816.77
                                 -----------                -----------
                                 223,816.77                 223,816.77

                                    INCREASE/    TYPE OF    ACCOUNT   DEFENDANT
         RECEIPT/     RECEIPT/      (DECREASE)   TRANS-     NUMBER    PAYEE/BANK   U.S.
         VOUCHER      VOUCHER       CASE BAL     ACTION               NUMBER       TREASURY
         NUMBER       DATE

RECEIVED 100154887 01   05/13/02       100.00     CH        504100       1
RECEIVED 500002107 01   01/23/03       100.00     CK        6855XX       1          100.00
RECEIVED 500002502 01   02/26/03       100.00     CK        6855XX       1          100.00
DISBURSED 112301-   1   03/05/03      -200.00     CV        6855XX       1         -200.00
RECEIVED 500002624 01   03/10/03       100.00     CK        6855XX       1          100.00
DISBURSED 113135-   1   05/20/03      -100.00     CV        6855XX       1         -100.00
RECEIVED 100168579 01   12/16/03       516.77     CK        6855XX       1          516.77
RECEIVED 100168578 01   12/16/03    223,000.00    CK        6855XX       1      223,000.00
DISBURSED 117031-   1   02/10/04   -223,516.77    CV        6855XX       1     -223,516.77
RECEIVED 600009390 1    07/19/04       200.00     CR        6855XX       0          200.00
DISBURSED 120169-   1   07/27/04      -200.00     CV        6855XX       1         -200.00
RECEIVED 600009980 1    09/09/04       100.00     CR        6855XX       0          100.00
DISBURSED 121385-   1   10/04/04      -100.00     CV        6855XX       1         -100.00
```

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY CLERK